## Commonwealth *v.* Pearl, Appellant.

*Criminal law—Fornication and bastardy—Evidence.*
On the trial of an indictment for fornication and bastardy where the conflict between the testimony of prosecutrix and defendant is irreconcilable, it is reversible error to reject evidence offered by the defendant to show that he was seriously ill at the time of the alleged offense.

*Appeals—Paper-books—Omission of evidence.*
An assignment of error to the rejection of a paper will not be considered, where the appellant has failed to print the paper in his paper-book.

*Trial—Conflict of testimony—Charge—Question for jury.*
A mere conflict in the testimony is not enough to condemn it, provided that out of all of it the facts relied upon emerge with reasonable distinctness and certainty.

Argued Oct. 2, 1905.    Appeal, No. 16, Jan. T., 1905, by defendant, from judgment of Q. S. Carbon Co., Oct. T., 1904, No. 33, on verdict for plaintiff in case of Commonwealth v. Louise Pearl.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Indictment for fornication and bastardy.   Before HEYDT, P. J.

At the trial the following offer was made :

Dr. Lacier recalled (page 22).

Defense proposes showing by the doctor that the defendant was delirious during his illness, indicating his serious condition.

Objected to as immaterial and irrelevant.

Objection sustained.    Exception for defendant. [1]

Defense offers in evidence an affidavit taken by Mary Horn-

308     COMMONWEALTH *v.* PEARL, Appellant.

Statement of Facts—Opinion of the Court. [29 Pa. Superior Ct.

yak, the prosecutrix in this case, before a justice of the peace of Northampton county, for the purpose of fixing the time that she claims was the period of conception.

Commonwealth objects as it is written in the English language, and is not competent, the defendant does not know anything about it, and it is absolutely immaterial, irrelevant and incompetent.

Objection sustained.   " Exhibit A " refused as evidence.   [2]

The court charged in part as follows :

[Some contradictions of the defense's witnesses have been commented on by counsel.   It is a rule of law that where a witness is contradicted in a material part of the case, that then he is not to be believed as to the rest of his testimony and it may be thrown out.]   [3]

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions ; (3) portion of charge as above, quoting it.

*E. O. Nothstein*, of *Freyman & Nothstein*, with him *William G. Thomas*, for appellant.

*Frank P. Sharkey*, with him *George E. Gray*, district attorney, for appellee.

OPINION BY PORTER, J., October 23, 1905 :

The defendant was charged with fornication and bastardy. The prosecutrix testified that the offense was committed in the cellar of the house in which she lived, in the latter part of November or first of December, 1903.   Defendant had denied under oath at the trial that he had at any time been guilty of the offense.   Dr. Lacier was called as a witness and testified that he was a practicing physician and had attended the defendant who had suffered an attack of pleuro-pneumonia, in November and December, 1903, and that at the time to which the testimony of the prosecutrix referred the defendant had been seriously ill and confined to his bed.   The defense proposed to show by the doctor " that the defendant was delirious during his illness, indicating his serious condition ; "

the offer was objected to by the commonwealth as immaterial and irrelevant, and the court sustained the objection; which ruling is the subject of the first specification of error. The contradiction between the testimony of the prosecutrix and that of the defendant was irreconcilable, and it was relevant and material for the jury to consider the physical condition of the defendant in determining whether the testimony of the prosecutrix was true or false. The evidence offered would have had a direct bearing upon the question whether the defendant committed the offense at the time and place charged. We are of the opinion that it ought to have been received, and the first specification of error is sustained.

The appellant has not printed in his paper-book, as required by the rules of this court, the affidavit made by the prosecutrix, the rejection of which as evidence is the subject of the second specification of error, which is for that reason dismissed.

The learned judge in charging the jury used this language : " Some contradictions of the defense's witnesses have been commented upon by counsel. It is a rule of law that where a witness is contradicted in a material part of the case, that then he is not to be believed as to the rest of his testimony and it may be thrown out." This language was no doubt inadvertently used by the learned judge, who probably meant to instruct the jury that if they were. satisfied a witness had intentionally testified falsely as to a material fact, they would be justified in refusing to believe his entire testimony ; but the language used may have misled the jury. The mere fact that a witness has been contradicted is no warrant for disregarding his entire testimony ; it is for the jury to reconcile the contradictions if possible, and if that cannot be done to ascertain whether the truth has been told by the witness or those who contradicted him. " A mere conflict in the testimony is not enough to condemn it, provided that out of all of it the facts relied upon merge with reasonable distinctness and certainty" : Jermyn v. McClure, 195 Pa. 245. We deem it proper to notice this slip, as the case must go back for a new trial, but as the charge was not excepted to we would not reverse the judgment upon that ground.

The judgment is reversed and a venire facias de novo awarded.